

CJ-16-3393
Prince

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 6 2016

RICK WARREN
COURT CLERK
34_____

| | |
|---|---|
| TIFFIANY BOURQUE and FREDERICK KAROL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: CJ-2016-3393 ) |
| DAVID STANLEY DODGE, LLC and ALLY FINANCIAL, INC., | ) ) ) |
| Defendants. | ) *The Honorable Judge_____* |

## PETITION

COMES NOW the Plaintiffs, Tiffiany Bourque (hereafter "Tiffiany") and Frederick "Rick" Karol (hereafter "Rick") by and through their counsel of record, M. Kathi Rawls and Minal Gahlot of Rawls Gahlot, PLLC, and for their petition states as follows:

### JURISDICTION

1. The parties are all residents of Oklahoma County or have service agents located in Oklahoma County, State of Oklahoma, therefore this Court maintains jurisdiction.

2. All of the actions of the Defendants took place in Oklahoma County and therefore venue is proper in Oklahoma County, State of Oklahoma.

3. The damages sought are in excess of $10,000.00.

### STATEMENT OF FACTS
(Plaintiffs Incorporate ¶¶1-3 as though fully restated)

4. Early July 2015, Tiffiany found a 2013 BMW XI, VIN: WBAVL1C52DVR83683 (hereafter "BMW") on David Stanley Dodge's (hereafter "DSD") website, with a listed

1

asking price around 22,500. The vehicle was listed as a one-owner vehicle, as well as being "amazing" and "garage kept."

5. Tiffiany called DSD to inquire about the vehicle.

6. After several phone conversations with DSD, Tiffiany and Rick drove from Lawton, OK, where they both reside, to DSD in Midwest City, OK. They drove Rick's 2002 Ford Explorer (hereafter "Explorer") so that it could be used as a trade-in vehicle.

7. Tiffiany spoke with DSD about obtaining financing for the vehicle, and consented to DSD running a credit check.

8. DSD informed Tiffiany that she would not qualify for financing on her own and would require a co-signor and would also have to pay "bank fees" of approximately $8,000.00 in order to obtain a loan.

9. Tiffiany agreed to the conditions.

10. Following the test drive of the BMW, DSD asked Tiffiany to execute a document stating that she agreed to purchase the BMW if DSD could keep her monthly payment below $550.00 and if DSD would offer her a trade-in value of $500.00 for the Explorer. Tiffiany agreed to these terms.

11. After six (6) hours at the dealership, DSD took Tiffiany and Rick back to the finance office to finalize the purchase of the BMW.

12. After signing all of the documents, Tiffiany and Rick drove the BMW home to Lawton.

13. Tiffiany later looked at the documents that she had been sent home with, and noticed that the Purchase Agreement listed the cash price of the vehicle as $32,530.00. (see exhibit 1, Purchase Agreement)

14. Tiffiany was embarrassed that DSD defrauded her over the purchase price.

15. Later, Tiffiany also learned that the vehicle's title had been reported as a total loss

16. Tiffiany was never informed of the state of the title prior to purchasing the vehicle, and the title she received from DSD did not indicate a total loss report.

17. Plaintiffs reserve the right to add additional affirmative defenses as determined during the course of discovery.

18. Plaintiffs reserve the right to amend and add additional counterclaims as determined during the course of discovery.

19. Ally Financial, Inc.'s (hereafter "Ally") liability may be and is predicated on 16 C.F.R. § 433.1 et seq., which became effective on May 14th, 1976; 40 F.R. No. 223, 53506 (Nov. 18th, 1975) and the DSD RISC assigned to Ally, which states that any assignee of the contract is subject to any claim or defense which could be asserted against Ally, up to the amounts paid by Tiffiany and Rick to enter into the RISC or paid to Ally.

## INTRODUCTION

Tiffiany and Rick file this action for actual, consequential, statutory, exemplary damages, penalties and attorney fees and costs, Breach of Contract, Fraud, Fraud in the Inducement, Misrepresentation, Violation of Oklahoma Consumer Protection Act, the Oklahoma Uniform Commercial Code, Conversion, Intentional Infliction of Emotional Distress, Negligence and Class Causes of Action for Violation of the Racketeering Corrupt Organizations Act. (RICO)

### FIRST, SECOND, AND THIRD CAUSES OF ACTION
### FRAUD, FRAUD IN THE INDUCEMENT, AND MISREPRESENTATION
Against DSD and Ally
(Plaintiffs incorporate ¶¶ 1-20 as though fully restated)

20. DSD induced Tiffiany and Rick to purchase the BMW by falsely telling them that in order to obtain financing, they needed to pay an additional $8,000.00 in so-called "bank fees" and by failing to inform them that the BMW was a Total Loss vehicle.

3

21. DSD also induced the Plaintiffs to purchase the vehicle by stating that the vehicle was a safe and reliable vehicle and was a one-owner vehicle.

22. If Tiffiany and Rick had known that the $8,000.00 they were being charged in addition to the purchase price of the vehicle was not being paid to the lender, and that they were purchasing a vehicle with a Total Loss Title, they would not have signed DSD's RISC.

23. DSD has been penalized by the Oklahoma New Motor Vehicle Commission (NMVC) for false advertising in the past.

24. Because of its false advertising and fraudulent acts, Tiffiany and Rick attempted to sell the vehicle back to DSD, but DSD refused to negotiate with them.

25. As a result of DSD and Ally's fraud, fraud in the inducement, and misrepresentation, Tiffiany and Rick are entitled to actual, consequential, and exemplary damages plus attorney fees, and costs and rescission.

### FOURTH AND FIFTH CAUSE OF ACTION
### Violation of the Oklahoma Credit Code (Oklahoma Uniform Consumer Credit Code) and the Truth in Lending Act
Against DSD and Ally
(Plaintiffs incorporate ¶¶1-27 as though fully restated)

26. The Oklahoma Uniform Consumer Credit Code's (hereafter UCCC) purpose is to assure meaningful disclosures of credit terms so that consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit. Okla. Stat. tit. 14A O.S. 2001 § 1-102.

27. The Truth in Lending Act's (hereafter TILA) purpose is to assure meaningful disclosures of credit terms so that consumers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit. 15 U.S.C. §1601(a).

4

28. At all times material hereto plaintiff was a consumer, Ally was a creditor, the credit extended was consumer credit, and the transaction was a credit sale, each as defined in 15 U.S.C. §1602 and 12 C.F.R. §226.2, the credit extended was a consumer loan under 14A O.S. § 3-104, and the transaction was a credit sale pursuant to 14A O.S. § 2-104..

29. TILA mandates that consummation (contract completion) occurs at the time the buyer signs a RISC. 12 C.F.R. §226.2(a)(13).

30. Consummation occurs at the time the buyer signs a RISC. Pursuant to 47 O.S. 563 F, the New Motor Vehicle Commission permits the practice informally known in Oklahoma's automobile industry as "Spot Delivery", which violates the UCCC and TILA.

31. Ally extended credit to Plaintiffs, pursuant to its consummated July 6, 2015 RISC but defrauded the Plaintiffs by selling them a vehicle with a total loss title for $32,500.00.

32. DSD and Ally's violation of UCCC and TILA entitles the Plaintiffs to their reasonable attorney fees and a penalty of up to $1000 pursuant to 14A O.S. § 5-203(1)(c) and 15 U.S.C. §1640(a)(3).

### SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT
Against DSD and Ally
(Plaintiff incorporates ¶¶ 1-32 as though fully restated)

33. Tiffiany and Rick assert that DSD and Ally breached their oral and written contract by increasing the purchase price.

34. Tiffiany and Rick assert that DSD and Ally breached their oral and written contract by failing to inform Tiffiany and Rick that they were purchasing a Total Loss Title vehicle.

35. As a result of DSD and Ally's breach, Tiffiany and Rick are entitled to rescission, their damages, actual and consequential, and attorney's fees and costs.

### SEVENTH CAUSE OF ACTION

## VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT
Against DSD and Ally
(Plaintiffs incorporate ¶¶1-35 as though fully restated)

36. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral; 15 O.S. 752 (13).

37. DSD employed deceptive trade practices when they misrepresented the BMW's purchase price, added additional so-called "bank fees" in excess of $8,000.00, and failed to inform Tiffiany and Rick that the BMW was a Total Loss Title Vehicle, in violation of 15 O.S. § 753.

38. These statements were made before, during and after the transaction, evidencing a willful disregard for honesty on the part of DSD.

39. DSD failed to accurately disclose the so-called "bank fees" upon the face of its assigned RISC.

40. Ally was aware of the failure to disclose to Tiffiany and Rick the cost of each of the add-on products on its RISC.

41. Tiffiany and Rick relied on DSD's agent to their detriment.

42. As a result of its deceptive trade practices, the Plaintiffs are entitled to their attorney's fees and a penalty of $2,000 for each instance of deceptive trade practices.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Against DSD and Ally
(Plaintiffs incorporate ¶¶ 1-42 as though fully restated)

43. The term "emotional distress" means mental distress, mental pain and suffering, or mental anguish. It includes all highly unpleasant mental reactions, such as fright, horror, grief, humiliation, embarrassment, anger, chagrin, disappointment, and worry.

44. DSD deceived and fraudulently induced Tiffiany and Rick into the purchase of an frame damaged automobile which was advertised on the internet as a safe and reliable vehicle.

45. Based upon the false advertising, Tiffiany and Rick were induced by the false advertising, relied to their detriment upon its terms and the statements of DSD's agent regarding the price and whether the vehicle was safe.

46. As a result of the betrayal by DSD, Tiffiany and Rick have suffered emotional distress.

**WHEREFORE,** premises stated, Plaintiffs, individually and on behalf of all others similarly situated, pray this Court award their actual, consequential, statutory, treble, and punitive damages, their reasonable attorney fees and costs in this matter, and all other relief that the Court deems just and proper.

*/s/ Minal Gahlot*

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145
Rawls Gahlot PLLC
2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225
Email: kathi@rawlsgahlot.com
Email: minal@rawlsgahlot.com.

ATTORNEYS FOR PLAINTIFFS

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**

**960692**

# PURCHASE AGREEMENT

**David Stanley Dodge**
7609 S.E. 29th
Midwest City, OK 73110
Ph: (405) 737-3700

DR

DEAL #: 234181
Dealer & Stock #: N232114
Purchaser: FREDERICK KAROL / TIFFANY BOURQUE
Address: 2414 NW ATLANTA AVE
City: LAWTON  State: OK  Zip Code: 73505
E-mail: ___

Date: 07/06/2015
Telephone: Home (580)917-6978
Telephone: Work (949)462-9300
Cell Phone: ___

Purchaser agrees to purchase from Dealer the following described vehicle subject to all terms and conditions set forth on the face and reverse side of this Purchase Agreement.

☐ New Truck  ☒ Used Truck  ☐ New Demo Truck
☐ New Car    ☐ Used Car    ☐ New Demo Car

Date of Delivery: 07/06/15  Time: ___ M.
Miles: 44297

Salesman: BRITTANY O

## VEHICLE PURCHASED DESCRIPTION

| YEAR | MFG. NAME | MODEL | BODY TYPE | COLOR | UPHOLSTERY |
|---|---|---|---|---|---|
| 2013 | BMW SAV | X1 | AWD 4DR 28I | BLUE | XDRIVE2 |

VEHICLE IDENTIFICATION NO: WBAVL1C52DVR83683 00 OK
LICENSE NUMBER & STATE: ___

ENGINE TYPE: ☒ 4 CYL  ☐ 6 CYL  ☐ 8 CYL
TRANSMISSION: ☐ 4 STD  ☐ 5 SPD  ☒ AUTO
AIR CONDITIONER: ☐ FACTORY  ☐ OTHER
RADIO: ☐ AM/FM CASSETTE  ☐ AM/FM  ☐ CD

TIRES: 4 TIRES ☐  6 TIRES ☐  8 TIRES ☐  12 TIRES ☐  OTHER # ___
RIM SIZE: 14" ☐  15" ☐  16" ☐  17" ☐  18" ☐  20" ☐  22" ☐  24" ☐

ACCESSORIES TO BE INSTALLED BY DEALER OR VENDOR:
___  $ ___
___  $ ___

PURCHASER IS RESPONSIBLE FOR ALL COSTS FOR THE TAG, TITLE AND PAYMENT OF TAXES ON VEHICLE PURCHASED

PURCHASER: X /s/

## TRADE-IN VEHICLE

| YEAR | MFG. NAME | MODEL | BODY TYPE | COLOR | UPHOLSTERY |
|---|---|---|---|---|---|
| 2002 | FORD TRUCK | EXPLORER SP | 2DR 102" WB | | CHOICE |

LICENSE NUMBER & STATE: ___
MILEAGE: 44979

VEHICLE IDENTIFICATION NO: 1FMYU60E72UC23777
AMOUNT OF PAYOFF: $ ___  GOOD THROUGH: ___  PAYOFF CONFIRMED BY: ___

LIEN IN FAVOR OF: ___
TELEPHONE: ___  ADDRESS: ___

I, Purchaser, agree as a part of this sale to pay to dealership any amount owed on Trade-In Vehicle to any third party, if different from amount shown as Trade-In Payoff on purchase of vehicle. I further certify that the vehicle identified as the Trade-In Vehicle is titled in my name, and is free and clear of all other liens and encumbrances other than what is shown above. I understand that if the title is not in my name, that it is my obligation to provide dealer with a clear title in the dealer's name within five days after demand upon me by the dealer. I further warrant that the title to said Trade-In is not an insurance dated, rebuilt, salvage, theft, recovery or reconditioned title. I appoint the Dealer to act as my attorney in fact to sign my name on any document necessary to place title to the above described Trade-In Vehicle in Dealer's name.

### DISPUTE RESOLUTION CLAUSE

This Dispute Resolution Clause applies to any controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related, to this sale or transaction, including, but not limited to, any and all issues or disputes arising as a result of this sale or transaction, whether said issues arise prior to, during or subsequent to the sale or attempted sale of a vehicle and whether said sale or attempted sale is a cash sale or is based upon financing or extended credit, or arises as a result of any financing contract, agreement or sales document related to the sale or attempted sale of a vehicle. The Purchaser and Dealer agree that all matters addressed within this Clause shall be submitted to binding arbitration, with an Arbitration Service or Arbitrator of the parties' choosing, pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 1, et seq. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort and property disputes, including any claim regarding the use, misuse, and/or disclosure of any information or documentation, including, but not limited to, personal or financial information obtained by the Dealer from the Purchaser, or about the Purchaser, which may arise from the sale relationship or otherwise during the sale, or at any time in the future, will be subject to binding arbitration in accord with this Contract. The parties specifically exclude from this Dispute Resolution Clause all claims or disputes subject to the Small Claims Procedures Act of the State of Oklahoma. The parties agree that the arbitrator shall have authority provided for by the law and contract, including but not limited to authority to grant an award or order for money damages, consequential damages, exemplary damages, declaratory relief, or injunctive relief. Arbitration shall be conducted in compliance with the Rules of an Arbitration Service or Arbitrator of the parties' choosing and in conformity with the Federal Rules of Civil Procedure. Any evidence submitted shall be in conformity with the Federal Rules of Evidence. The Arbitrator's award(s) will be entered as a judgment in a court having jurisdiction over the parties. Both the Purchaser and Dealer acknowledge and understand that they are waiving their right to a jury trial by entering into this agreement and acknowledge that there shall be no right or authority for any claims to be arbitrated on a class action basis. It is agreed that the party filing the arbitration claim shall be responsible for the filing fee. The arbitrator's fee shall be equally divided between the parties. The prevailing party shall be entitled to attorney fees and costs as allowed by Oklahoma and/or Federal statutes. Dealer and Purchaser agree that if Dealer must hire legal counsel to enforce or defend Dealer's legal rights under this Dispute Resolution Clause, Purchaser will pay to Dealer its attorney fees and costs incurred by Dealer in Dealer's successful defense of Dealer's rights hereunder.

PURCHASER: X /s/          DEALER: X /s/

### SECURITY AGREEMENT

Purchaser grants to Dealer a security interest in the vehicle described herein to secure the payment of the purchase price or any down payment owed to Dealer and any retail installment sales contract executed herewith to secure, (1) all future advances by Dealer to Purchaser; (2) all other liabilities of Purchaser (primary, secondary, direct or indirect, absolute or contingent, sole, joint or several) due or to become due or which may be hereafter contracted by or acquired, of Purchaser; and (3) the performance of all agreements, covenants and warranties of Purchaser to Dealer. This security interest also covers, in addition to the specifically described vehicle: (1) all personal property installed in or affixed to such vehicle, including additions and accessories; and (2) proceeds, including insurance proceeds payable by reason of damage to or loss of vehicle and (3) any trade-in vehicle described above. NOTICE TO PURCHASER: Do not sign this Agreement before you read it or if it contains any blank spaces. You are entitled to an exact copy of the Agreement you sign. Purchaser by his/her signature ACKNOWLEDGES that he/she has read and received a complete copy of the Agreement and that there are no other agreements between the parties oral or in writing, if not set forth herein. That, if financing is arranged through Dealer, this Purchase is subject to Purchaser's satisfactory credit rating and the acceptance and funding of this Purchase Agreement and/or any Retail Installment Sales Contract executed herewith by a qualified lender or other financial institution. PURCHASER certifies that he/she is of legal age or older and no credit has been extended except as appears above. The Dealer and the Purchaser agree that if the Dealer must hire legal counsel to enforce the terms of this Purchase Agreement, or of any of the documents relating to the same matters, between the same parties, and made as part of substantially the same transaction described herein, that the Purchaser will pay to the Dealer attorney's legal rights under this Purchase Agreement, and/or of any of the documents relating to the transaction described herein, that the Purchaser will pay to the Dealer attorney's legal rights under this Purchase Agreement, and/or of any of the documents relating to the same matters. Further, should the Dealer be forced to hire legal counsel to defend Dealer's legal rights under this Purchase Agreement, and/or of any of said documents relating to the same matters, between the same parties, and made as part of substantially the same transaction described herein, including any of said documents, Purchaser will pay to Dealer any and all legal fees and costs incurred by Dealer in Dealer's successful defense of Dealer's rights.

PURCHASER: X /s/

## PURCHASE PRICE DISCLOSURE

| | |
|---|---|
| CASH PRICE | $ 12530.00 |
| TRADE-IN CREDIT | – $ 500.00 |
| TRADE-IN PAYOFF | + $ N/A |
| TRADE BALANCE | $ 12030.00 |
| ACC. PURCHASED | + $ 300.00 |
| PROCESSING FEE | $ 359.00 |
| TOTAL | $ 12689.00 |
| DOWNPAYMENT | – $ 2500.00 |
| CASH | $ 2500.00 |
| CHECK | – $ N/A |
| FACTORY/DEALER REBATE | + $ N/A |
| ADP* | + $ N/A |
| OTHER | |
| GAP | 800.00 |
| NON-CHRY SVC CONT PORTFOLIO | 2690.00 |
| BALANCE DUE | $ 14179.00 |

MANAGER APPROVAL: /s/
DEALER REPRESENTATIVE:

This Agreement does not bind the Dealer until approved by a Representative of the Dealer.

PURCHASER: X /s/
CO-PURCHASER: X /s/

**EXHIBIT 1**

Revised 12/14
CUSTOMER COPY

© COPYRIGHT 2014, DEALERS RESOURCES, INC.  *ADP
The contents of this document shall not be duplicated without the express written consent of Dealers Resources.
DRI 1000 DSD