IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIFFANY BORQUE and<br>FREDERICK KAROL, on behalf<br>of themselves and a class of similarly<br>situated Persons, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. CIV-17-153-R |
| DAVID STANLEY DODGE, LLC,<br>And ALLY FINANCIAL, INC.,<br>DAVID A. STANLEY, an individual<br>BETH STANLEY, an individual,<br>BRENT WILSON, an individual,<br>SHANE DOWNS, an individual,<br>TONY REASONER, an individual,<br>JENNIFER RAY, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Before the Court is Plaintiffs' Motion to Remand [Doc. 10]. Defendants responded [Doc. 13], and Plaintiffs replied [Doc. 15]. For the reasons that follow, Plaintiffs' Motion is GRANTED.

Plaintiffs originally filed this suit against Defendants David Stanley Dodge, LLC, and Ally Financial, Inc., in state court on July 6, 2016. [Doc. 1, Ex. 2]. After Plaintiffs filed their Amended Petition and Motion to Certify a Class [Doc. 1, Ex. 3] on January 20, 2017 (thereby adding the remaining Defendants), Defendants removed under 28 U.S.C. § 1441(a) [Doc. 1]. Maintaining federal question jurisdiction under 28 U.S.C. § 1331, Defendants pointed to Plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and the Truth in Lending Act (TILA). Plaintiffs, however, have

1

now notified Defendants that they have dismissed these two federal claims. Consequently, Plaintiffs have moved to remand. All of Plaintiffs state law claims remain.[1]

Because Plaintiffs seek to dismiss two claims rather than the entire suit, Federal Rule of Civil Procedure 41 (governing dismissal of actions) does not apply. *See e.g., Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 322 ("Rule 41(a) refers to dismissing 'an action,' and not to dismissing individual claims or causes of action.") The Court will therefore construe Plaintiffs' Notice of Partial Dismissal [Doc. 10, Ex. 3] as a motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Given that Plaintiffs' amended their Petition in state court [*See* Doc. 1, Ex. 3], Rule 15(a)(2) will allow them to amend their Complaint only with the opposing parties' consent or the court's leave. Thus, because Defendants have not consented, Plaintiffs may amend only with the Court's permission.

Rule 15(a)(2) instructs courts that "leave [to amend] shall be freely given when justice so requires." The Supreme Court has explained that determining whether granting leave to amend would be just is best done by considering whether there is (1) undue prejudice to the opposing party, (2) undue delay, (3) bad faith or dilatory motive, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

After considering these factors, the Court finds that granting Plaintiffs leave would be appropriate. First, Plaintiffs' amendment will not unduly prejudice Defendants. This

---

[1] Those claims include (1) fraud, (2) fraud in the inducement, (3) misrepresentation, (4) violations of the Oklahoma Uniform Commercial Code, (5) breach of contract, (6) recission, (7) violations of the Oklahoma Consumer Protection Act, (8) intentional infliction of emotional distress, (9) negligence, and (10) conspiracy.

case is in the early stages of litigation, and there is no reason to think Defendants have spent considerable resources responding to Plaintiffs' federal RICO or TILA claim. Second and on the same note, this case's short existence suggests that Plaintiffs have not unduly delayed in seeking to dismiss their federal law claims. Third, there does not appear to be any bad faith or dilatory motive on the part of the Plaintiffs. Granted, Plaintiffs might be seeking to avoid federal court jurisdiction, but that alone will not suggest bad faith. *See, e.g, Shilling v. Nw. Mut. Life Ins. Co.*, 423 F.Supp.2d 513,518 (D. Md.2006) (finding no bad faith in plaintiff's motion to remand despite it being "an effort to destroy federal jurisdiction"). Nor does the Court find amendment would be futile, since "it paves the way for the Court to remand the case." *Id*. at 519.

Now, after amendment, Plaintiffs' Complaint contains only state-law claims. The Court thus has discretion to remand the case. *See, e.g., Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001) (noting that in an earlier case "in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court."). It may do so by declining to exercise supplemental jurisdiction over the remaining state-law claims, which it may do if the state-law claims "substantially predominate[] over the claim or claims over which the district court had original jurisdiction." 28 U.S.C. § 1367(c).

Here, that is the case. As Plaintiffs themselves admit, their claims against Defendants under both TILA and RICO are meritless. Further, neither claim is necessary for Plaintiffs' sought-after relief. Because the Court finds that this case is wholly dominated

by state law claims, it declines to exercise jurisdiction and REMANDS this case to the District Court of Oklahoma County.

IT IS SO ORDERED this 1st day of May 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE